UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MIGUEL ALBARRAN,

                          Petitioner,

          v.

DAN WHITE,

                          Respondent.

Case No. C22-5788-DGE-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Miguel Albarran is a state prisoner who is currently confined at the Monroe Correctional Complex – Twin Rivers Unit in Monroe, Washington. Petitioner is represented by counsel, and counsel has filed on Petitioner's behalf a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2014 Clark County Superior Court judgment and sentence. (*See* Pet. (dkt. # 1) at 2.) Respondent, at the Court's direction, filed an answer to the petition together with relevant portions of the state court record. (*See* Answer (dkt. # 6); State Ct. Rec. I (dkt. # 7-1), State Ct. Rec. II (dkt. # 8).) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* Answer at 13-15.)

REPORT AND RECOMMENDATION
PAGE - 1

Petitioner filed a response to Respondent's answer, together with a supporting declaration from counsel, arguing that he is entitled to equitable tolling. (Resp. (dkt. # 13); Dixon Decl. (dkt. # 14).) Respondent did not file a reply to Petitioner's response. This Court, having reviewed the petition, all briefing of the parties, and the balance of the record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

## II.    BACKGROUND

On January 15, 2014, Petitioner was found guilty, following a jury trial, on charges of child rape in the second degree, attempted child rape in the second degree, rape in the second degree, and child molestation in the second degree. (*See* State Ct. Rec. I (dkt. # 7-1), Ex. 1.) On April 16, 2014, the trial court sentenced Petitioner on the second-degree rape conviction to a mandatory minimum term of 300 months confinement, in accordance with RCW 9.94A.507(3)(c)(ii), and vacated the remaining convictions. (*Id*. at 4.)

Petitioner appealed his conviction to the Washington Court of Appeals ("Court of Appeals") where he presented the following three issues for review: (1) the trial court violated his right to confrontation when it prevented the defense from introducing specific acts demonstrating a key witness's motive and bias; (2) the trial court violated his Sixth Amendment right to present a defense when it excluded an alternative source for the DNA; and (3) the trial court erred in refusing to dismiss the second degree rape charge as that charge violated the "General/Special Doctrine." (*See* State Ct. Rec. I, Ex. 6 at i-ii.)

On December 1, 2015, the Court of Appeals issued an unpublished opinion in which it rejected Petitioner's first and second issues but concluded with respect to the third issue that the trial court erred in dismissing the second-degree child rape charge and entering a conviction on the second-degree rape charge. (State Ct. Rec. I, Ex. 2 at 1-2.) The Court of Appeals therefore

REPORT AND RECOMMENDATION
PAGE - 2

reversed Petitioner's conviction on the second-degree rape charge and remanded the matter to the trial court to vacate that conviction, reinstate the conviction for second degree child rape, and resentence Petitioner. (*Id*. at 2.) The state thereafter moved for reconsideration of the Court of Appeals' decision, and that motion was denied. (*Id*., Exs. 9-10.)

The state next sought review by the Washington Supreme Court of the Court of Appeals' decision reversing Petitioner's second-degree rape conviction. (State Ct. Rec. I, Ex. 11.) Petitioner sought review as well with respect to the two issues rejected by the Court of Appeals, *i.e.*, the alleged violations of Petitioner's rights to confrontation and to present a defense. (*Id*., Ex. 12.) The Washington Supreme Court granted the state's petition for review but denied Petitioner's request for review of the additional issues. (*Id*., Ex. 13.) On November 10, 2016, the Washington Supreme Court reversed the Court of Appeals and reinstated Petitioner's conviction for second-degree rape. (*Id*., Ex. 3.) The mandate terminating direct review was issued on December 10, 2016. (*See id*., Ex. 16 at 27.)

On December 8, 2017, Petitioner, through counsel, filed in the trial court a motion to vacate judgment in which he asserted claims of ineffective assistance of trial counsel and prosecutorial misconduct. (State Ct. Rec. I, Ex. 16.) The Clark County Superior Court transferred the motion to the Court of Appeals for consideration as a personal restraint petition, and the Court of Appeals subsequently transferred the matter back to the superior court for an evidentiary hearing. (*See id*.; State Ct. Rec. II, Ex 20.) Following the evidentiary hearing, the Clark County Superior Court issued its findings of fact, and the matter was transferred back to the Court of Appeals for a decision on the merits of the petition. (*See* State Ct. Rec. II, Exs. 21-24.) On November 23, 2021, a panel of the Court of Appeals issued an unpublished opinion denying Petitioner's personal restraint petition. (State Ct. Rec. I, Ex. 4.)

REPORT AND RECOMMENDATION
PAGE - 3

1   Petitioner next filed a motion seeking discretionary review by the Washington Supreme

2   Court. (State Ct. Rec. II, Ex. 25.) On March 29, 2022, the Supreme Court Commissioner issued a

3   ruling denying review. (State Ct. Rec. I, Ex. 5.) Petitioner moved to modify the commissioner's

4   ruling, and that motion was denied on July 13, 2022. (State Ct. Rec. II, Exs. 26-27.) The Court of

5   Appeals issued a certificate of finality in Petitioner's personal restraint proceeding on July 19,

6   2022. (*Id*., Ex. 28.)

7   Petitioner now seeks federal habeas review of his judgment and sentence. Petitioner filed

8   his petition for writ of habeas corpus in this Court on October 14, 2022. (*See* Pet.)

9   ### III.    DISCUSSION

10  **A.    Statute of Limitations**

11  The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year

12  limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C.

13  § 2244(d)(1). The one-year limitation period generally begins to run from the date of the

14  conclusion of direct review or "the expiration of the time for seeking such [direct] review,"

15  whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at

16  the latest, upon the expiration of the period for filing a petition for writ of certiorari with the

17  United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

18  The Washington Supreme Court issued its opinion reversing the Court of Appeals'

19  decision on direct appeal and affirming Petitioner's second-degree rape conviction on November

20  10, 2016. (State Ct. Rec. I, Ex. 3.) Petitioner had ninety days following the entry of that ruling

21  (as opposed to the issuance of the state mandate), or until February 8, 2017, to file a petition for

22  writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of

23  the Supreme Court of the United States. Because Petitioner did not file a petition for writ of

REPORT AND RECOMMENDATION
PAGE - 4

1    certiorari, his conviction became final on February 8, 2017. *See* 28 U.S.C. § 2244(d)(1)(A).

2    Petitioner's one-year statute of limitations began to run the following day. *See Corjasso v. Ayers*,

3    278 F.3d 874, 877 (9th Cir. 2002).

4         The one-year limitation period is tolled for any "properly filed" collateral state challenge

5    to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely motion for

6    post-conviction relief in the Clark County Superior Court on December 8, 2017 (*see* State Ct.

7    Rec. I, Ex. 16), which stopped the clock on the federal statute of limitations. At that time, 303

8    days had run on the statute of limitations. The Court of Appeals issued a certificate of finality in

9    Petitioner's personal restraint proceedings on July 19, 2022 (*see* State Ct. Rec. II, Ex. 28), thus

10   concluding review in the state courts. The statute of limitations began to run again the following

11   day, July 20, 2022, and expired 62 days later on September 20, 2022. Petitioner's federal habeas

12   petition was not submitted to this Court for filing until October 14, 2022, 24 days after the statute

13   of limitations expired. (*See* Pet.)

14        Petitioner suggested in his federal habeas petition that the petition was timely filed. (Pet.

15   at 26.) However, in his response to Respondent's answer, Petitioner concedes his federal habeas

16   petition was not timely, but argues that equitable tolling is appropriate in the circumstances of

17   this case. (*See* Resp. at 1-11.) As the record makes clear that Petitioner filed his federal habeas

18   petition outside the one-year limitation period, the Court now turns to Petitioner's argument that

19   he is entitled to equitable tolling of the limitation period.

20        **B.    Equitable Tolling**

21        The statute of limitations governing federal habeas petitions is subject to equitable tolling

22   in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has

23   made clear that equitable tolling is justified in very few cases, noting that "the threshold

REPORT AND RECOMMENDATION

1   necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow

2   the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden

3   of showing that equitable tolling should be applied. *Id*. at 1065.

4       In order to receive equitable tolling, a petitioner must show "'(1) that he has been

5   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

6   prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,

7   418 (2005)). The diligence required is "reasonable diligence." *Id*. at 653. "[T]he requirement that

8   extraordinary circumstances 'stood in his way' suggests that an external force must cause the

9   untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on

10  [the petitioner's] part, all of which would preclude application of equitable tolling.'"

11  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*,

12  515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary

13  circumstance was, in fact, the reason the federal habeas petition was untimely. *Spitsyn v. Moore*,

14  345 F.3d 796, 799 (9th Cir. 2003).

15      Petitioner argues that there are two factors supporting application of equitable tolling in

16  this case.[1] The first factor identified by Petitioner is that counsel failed to conduct the research

17  necessary to determine the correct deadline for filing a federal habeas petition. As to this factor,

18  Petitioner's counsel explains that he erroneously believed the 90-day period for filing a petition

19  for writ of certiorari with the United States Supreme Court began to run on the date the

20  Washington Supreme Court issued its mandate, rather than on the date the court issued its final

21  decision on direct appeal. (Resp. at 8; Dixon Decl. at ¶ 8.) Petitioner maintains that this was not a

22

23  ---
    [1] While Respondent addressed equitable tolling in a cursory manner in his answer (*see* Answer at 15), he did not file a reply to Petitioner's response, and therefore did not address the specific arguments made therein.

REPORT AND RECOMMENDATION
PAGE - 6

mere clerical error in calendaring the wrong date but was the result of counsel's failure to sufficiently research and confirm the correct due date. (Resp. at 9 (citing *Holland*, 560 U.S. at 652).)

The second factor identified by Petitioner as establishing an entitlement to equitable tolling is that he has cognitive limitations that "made him inordinately dependent on his attorney." (*See* Resp. at 6.) Petitioner asserts that it was not possible for him to research and file a habeas petition on his own, and he therefore had no option but to hire an attorney to do it for him. (*Id*. at 11.)

Courts have made clear that "garden variety" claims of attorney neglect, such as a miscalculation that causes an attorney to miss a filing deadline, are not sufficient to establish a basis for equitable tolling. *See Holland*, 560 U.S. at 651-52; *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015) (Mistakes such as the miscalculation of a filing deadline "are mistakes made routinely enough that they're regarded as one of the risks petitioners typically assume when relying on counsel to litigate a case, rather than as an extraordinary circumstance warranting equitable intervention." ); *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014) ("agency law binds clients, including federal habeas petitioners, to their attorneys' negligence").

In contrast, "[a]cts or omissions that transcend garden variety negligence and enter the realm of 'professional misconduct' may give rise to extraordinary circumstances if the misconduct is sufficiently egregious." *Luna*, 784 F.3d at 646; *see also Holland*, 560 U.S. at 652-53 (equitable tolling may be appropriate where post-conviction counsel effectively

REPORT AND RECOMMENDATION
PAGE - 7

1   abandoned client); *Gibbs*, 767 F.3d at 886 ("Failure to inform a client that his case has been

2   decided, particularly where that decision implicates the client's ability to bring further

3   proceedings *and* the attorney has committed himself to informing his client of such a

4   development, constitutes attorney abandonment.").

5           The untimely filing in this case was caused by counsel's miscalculation of the filing

6   deadline. Indeed, counsel explains in Petitioner's response to Respondent's answer, and in his

7   accompanying declaration, how the error was made. (*See* Resp. at 8; Dixon Decl. at ¶ 8.)

8   Counsel's misapprehension of when the limitations period for a federal habeas action

9   commences falls squarely within the category of "garden variety" mistakes which courts have

10  consistently held do not warrant equitable tolling.

11          In an effort to avoid this outcome, Petitioner directs this Court's attention to an

12  unpublished opinion of the Ninth Circuit in which the Court found circumstances justifying

13  equitable tolling in the context of attorney error. (Resp. at 9-10 (citing *Benjamin v. Kelly*, 2022

14  WL 1285040 (9th Cir., Apr. 29, 2022)). Petitioner characterizes the Ninth Circuit's decision in

15  *Benjamin* as holding that "incorrect legal advice about the calculation of the AEDPA deadline

16  was sufficient for equitable tolling." (*See id.* at 9.) However, Petitioner's suggestion that

17  *Benjamin* involved a mere error in calculation of the deadline, as occurred here, is imprecise at

18  best.

19          *Benjamin* involved a federal habeas petitioner who was represented by counsel during

20  post-conviction review in the state courts, but filed his federal habeas petition *pro se*. *Benjamin*,

21  2022 WL 1285040 at *1. During the pendency of his state post-conviction proceedings, the

22  petitioner:

23          frequently wrote his lawyer to inquire about the status of his case and, on numerous
            occasions, sought his lawyer's advice as to whether the time for filing his federal

REPORT AND RECOMMENDATION
PAGE - 8

habeas petition was running. Time and time again, Benjamin's lawyer assured him, albeit erroneously, that the statute of limitations was tolled during the state post-conviction relief appeal.

*Id*. The petitioner relied on his post-conviction lawyer's advice and waited until the lawyer advised him that it was possible to file a federal habeas petition before submitting his *pro se* petition to the federal court for review. *See id*. at *1-2. The district court found the petition to be untimely and granted Petitioner a certificate of appealability on the question of equitable tolling as to certain claims. *See Benjamin v. Kelly*, 2021 WL 1234586 (D. Or., Apr. 1, 2021).

The Ninth Circuit, in analyzing Benjamin's equitable tolling claim, explained that "[w]here a lawyer repeatedly and specifically misleads a client about his rights and obligations, that conduct can satisfy the *Holland* standard." *Benjamin*, 2022 WL 1285040 at *2. The Ninth Circuit found that Benjamin was entitled to equitable tolling of the limitations period because:

> Here, Benjamin has shown that his lawyer's actions qualify as an extraordinary circumstance. Throughout his representation, Benjamin's lawyer continually misled him about when the statute of limitations was running on what was likely [Benjamin's] single opportunity for federal habeas review, thus seriously prejudic[ing] him. . . . This amounts to more than "garden variety" negligence, such as the mis-calendaring of a deadline, or similar errors of a routine, clerical nature.

*Id*. at *1-2 (internal quotations omitted). The Ninth Circuit concluded that the incorrect legal advice provided by post-conviction counsel was the cause of Benjamin's untimely filing of his petition, noting that "Benjamin would have taken timely action but for his lawyer's repeated misleading statements." *Id*. at *2.

*Benjamin* is distinguishable from the instant action. In *Benjamin*, the Ninth Circuit concluded that post-conviction counsel's repeated misleading statements regarding the running of the statute of limitations constituted an external force, beyond the petitioner's control, that stood in the way of the petitioner filing a timely petition. *See Benjamin*, 2022 WL 1285040 at *2 (citing *Gibbs*, 767 F.3d at 887 ("[Petitioner's] ignorance of the limitations period was caused by

REPORT AND RECOMMENDATION
PAGE - 9

circumstances beyond the party's control.")). In contrast, the equitable tolling issue here involves no such external force. Counsel here was retained to represent Petitioner in his federal habeas proceeding, and the only alleged error in counsel's conduct was that he failed to properly calculate the filing deadline, thereby rendering the petition untimely.

In *Maples v. Thomas*, 565 U.S. 266, 280-82 (2012), the Supreme Court explained that, under agency principles, a client bears the risk of negligent conduct on the part of his attorney, including a missed filing deadline. The Court made clear, however, that a client "cannot be charged with the acts or omissions of an attorney who has abandoned him." (*See id.*) Nothing in the record before this Court even remotely suggests that Petitioner was abandoned by counsel in this matter.

Petitioner's current counsel was retained by Petitioner's family to represent him on direct appeal, and counsel continued his representation throughout collateral proceedings in the state courts. (*See* Dixon Decl. at ¶¶ 1, 3-4.) Counsel had anticipated his representation of Petitioner would end once the state court post-conviction proceedings concluded in July 2022. (*See id.* at ¶¶ 5-6.) However, following conversations with Petitioner and his family members throughout August and early September 2022, counsel agreed to continue his representation. (*See id.* at ¶¶ 7, 10.) Counsel then prepared and filed a lengthy habeas petition in which he set forth in detail Petitioner's seven grounds for federal habeas relief. (*See* Pet.) In sum, there is no evidence of abandonment in the record and the missed filing deadline, although unfortunate, does not constitute egregious misconduct sufficient to entitle Petitioner to equitable tolling.

Petitioner's argument that his cognitive limitations made him inordinately dependent on counsel likewise does not establish a basis for equitable tolling. (*See* Resp. at 6, 11.) As explained above, a client is bound by his attorney's negligent conduct. Whether Petitioner could

have, or would have, pursued federal habeas review had he not been represented is irrelevant to the equitable tolling analysis.

Because Petitioner filed his federal habeas petition outside of the § 2254 statute of limitation period, and because Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period, Petitioner's petition is time-barred and must therefore be dismissed.

**C.      Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

As explained above, in this Court's view, the Ninth Circuit's decision in *Benjamin* does not suggest the proper result in this case and there does not appear to be any extraordinary circumstance in this action that caused the untimely filing of Petitioner's federal habeas petition. However, as the Court in *Benjamin* explained, "[t]here is no per se rule governing whether an extraordinary circumstance has prevented timely filing of a habeas petition—rather, the issue must be decided on a case-by-case basis." *Benjamin*, 2022 WL 1285040 at *2. It is conceivable that jurists of reason could disagree with this Court's conclusion regarding the application of

REPORT AND RECOMMENDATION
PAGE - 11

equitable tolling in this matter. Accordingly, this Court recommends that Petitioner be granted a certificate of appealability with respect to this issue.

### IV.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under § 2244(d). This Court further recommends that a certificate of appealability be granted as to the issue of equitable tolling. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 14, 2023**.

DATED this 20th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 12